UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN DEIN, M.D.,                         )
                                         )
                 Plaintiff,              )
                                         )        CIVIL ACTION NO.
VS.                                      )
                                         )        3:13-CV-4907-G
JAMES ALBERT JENNINGS, ET AL.,           )
                                         )
                 Defendants.             )


## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Erhard & Jennings, a

Professional Corporation ("Erhard & Jennings"), to realign the parties (docket entry

22).  For the reasons set forth below, the motion is denied.

### I.  BACKGROUND

On September 16, 2013, the plaintiff John Dein, M.D., ("Dein") contacted the

law firm of Erhard & Jennings about possible representation in his ongoing litigation

proceedings.  Plaintiff's First Amended Complaint ("Complaint") ¶ 6 (docket entry

15).  Dein advised Erhard & Jennings that he was involved in two legal disputes.[*]

_____

[*]        Cause No. DC-12-06318; *Colin Richardson, et al. v. Sun River Energy, Inc., et al.* ("Sun River Litigation") (filed in the 134th Judicial District Court of Dallas
                                                              (continued...)

Dein retained Erhard & Jennings to preliminarily review the facts related to the Sun River Litigation and the Gruber Hurst Litigation at a rate of $600 an hour, for which Dein forwarded an initial payment to Erhard & Jennings in the amount of $7,500. *Id*. ¶ 7; Erhard & Jennings' First Amended Counterclaim ("Amended Counterclaim") ¶ 6 (docket entry 18). Erhard & Jennings estimated that fees and expenses related to the Sun River Litigation alone would likely exceed $500,000. Amended Counterclaim ¶ 8. Erhard & Jennings contends that Dein agreed to an initial fee of $65,000, against which the firm would apply charges as incurred. *Id*. ¶¶ 8, 11. Dein paid $15,000 as the first instalment of this fee. *Id*. Thereafter, Erhard & Jennings began to work on Dein's legal matters.

"[C]oncerned that Dein would try to avoid his commitment to pay for the efforts and legal work performed by the firm[,]" Erhard & Jennings forwarded Dein on November 1, 2013 a written fee proposal under which Dein had until November 4, 2013, to execute and return it. *Id*. ¶ 11. Dein alleges that he had "no time to have independent counsel review the fee agreement or little time to review it himself in any detail." Complaint ¶ 13. Consequently, on November 4, 2013, Dein informed Erhard & Jennings that he would not sign the fee agreement and requested that Erhard & Jennings not to take any additional action on his behalf. *Id*. ¶ 14.

---

[*](...continued)
County, Texas); Cause No. DC-13-00553; *Gruber Hurst Johansen Hail Shank, LLP v. Steve Henson, M.D., et al.* ("Gruber Hurst Litigation") (filed in the 134th Judicial District Court of Dallas County, Texas). Complaint ¶ 6.

The present dispute centers around the billing statement that Dein received following the termination of Erhard & Jennings' representation, a bill totaling $104,655.  *Id*. ¶ 15.  After Dein's refusal to sign the written fee agreement and Erhard & Jennings' subsequent termination, Erhard & Jennings sought payment for work done via a formal demand letter dated December 9, 2013.  Amended Counterclaim ¶ 16.  Having received no payment from Dein, Erhard & Jennings turned the billing statement over to David Taylor, an attorney at the law firm Thompson Coe, for collection.  *Id*.  Refusing to pay the bill, Dein alleges that Erhard & Jennings performed unnecessary services, billed for legal services outside the scope agreed upon, billed for attorney and clerical services at excessive rates, and billed for services prior to being retained and when no longer retained.  Complaint ¶ 17.

On December 17, 2013, Erhard & Jennings contends, Dein "beat Erhard & Jennings to the courthouse" by filing the instant case.  Erhard & Jennings' Brief in Support of Motion to Realign the Parties ("Motion") at 5 (docket entry 23).  Dein asserts claims against Erhard & Jennings for breach of contract and breach of fiduciary duty.  *See generally* Complaint.  On February 27, 2014, Erhard & Jennings asserted counterclaims against Dein for breach of contract, *quantum meruit*, promissory estoppel, and fraudulent inducement.  *See generally* Amended Counterclaim.  Erhard & Jennings now moves to realign the parties.

- 3 -

## II.  ANALYSIS

Alignment of the parties is within the discretion of the court.  *Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994).  In determining whether to realign the parties, the court assesses whether the plaintiff has an affirmative burden of proof, or whether he merely presents a pre-emptive defense against the defendants' counterclaims and defenses.  See *Litton Systems, Inc. v. VHC, Inc.*, No. 3:98-CV-0357-P, 1998 WL 386164, *1 (N.D. Tex. July 8, 1998) (Solis, J.).  Erhard & Jennings argues that it is the aggrieved party which should be recognized as the claimant because it performed work for which it was uncompensated, that Dein filed suit merely to avoid payment of fees, and that Dein's claim for mental anguish damages are unrecoverable.  Motion at 6-7.  However, Dein bears the burden of proof on each of his claims.  Realignment of the parties is therefore unnecessary.

## III.  CONCLUSION

For the reasons stated above, the motion to realign the parties is **DENIED**.

**SO ORDERED**.

June 16, 2014.

_A. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**

- 4 -